UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| CEDRIC TAYLOR | ) | |
| | ) | |
| v. | ) | No. 3:10-0909 |
| | ) | JUDGE CAMPBELL |
| UNITED STATES OF AMERICA | ) | |

MEMORANDUM

I. Introduction

Pending before the Court is a Motion For Post Conviction Relief Under 28 U.S.C. § 2255 (Docket No. 1), filed by the Movant/Petitioner (hereinafter "Petitioner"). The Government has filed a Response to the Motion (Docket No. 11), and the Petitioner has filed a Reply (Docket No. 14).

The Court has reviewed the pleadings and briefs filed by both parties, the record of Petitioner's underlying conviction, and the entire record in this case. For the reasons set forth below, the Court concludes that Petitioner's Motion For Post Conviction Relief is DENIED, and this action is DISMISSED.

II. Procedural and Factual Background

In the underlying criminal case, the Petitioner was charged in an Indictment with being a convicted felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924. (Docket No. 1 in Case No. 3:09-00119). Prior to trial, the Petitioner's attorney, Ronald Small, filed a motion to suppress evidence and statements obtained during a traffic stop of the Petitioner's vehicle. (Docket No. 17 in Case No. 3:09-00119). The Court held an evidentiary hearing on the motion. (Docket Nos. 20, 22, 49 in Case No. 3:09-00119). At the conclusion of

the hearing, the Court determined that probable cause existed for the traffic stop, and denied the motion to suppress evidence and statements. (Id.)

The Petitioner later pled guilty to the charge in the Indictment without a plea agreement. (Docket Nos. 23, 24 in Case No. 3:09-00119). At the subsequent sentencing hearing, the Court sentenced the Petitioner to 77 months of imprisonment. (Docket Nos. 45, 47, 48 in Case No. 3:09-00119). The record indicates that the Petitioner did not appeal.

### III. Analysis

A. The Petitioner's Claims

Petitioner contends that his conviction should be vacated because he received the ineffective assistance of counsel at the suppression hearing.

B. The Section 2255 Remedy/Evidentiary Hearing Not Required.

Section 2255 provides federal prisoners with a statutory mechanism by which to seek to have their sentence vacated, set aside or corrected.[1] The statute does not provide a remedy, however, for every error that may have been made in the proceedings leading to conviction. The statute contemplates constitutional errors, and violations of federal law when the error qualifies as a "fundamental defect which inherently results in a complete miscarriage of justice."

---

[1] 28 U.S.C. § 2255 states, in part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

2

Reed v. Faley, 512 U.S. 339, 114 S.Ct. 2291, 2296, 2299-2300, 129 L.Ed.2d 277 (1994); Grant v. United States, 72 F.3d 503, 505-06 (6th Cir. 1996).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that the Court shall consider the "files, records, transcripts, and correspondence relating to the judgment under attack" in ruling on a petition or motion filed under Section 2255. In addition, where the same judge considering the Section 2255 motion also conducted the trial, he may rely on his recollections of the trial. Blanton v. United States, 94 F.3d 227, 235 (6th Cir. 1996).

An evidentiary hearing is not required if the record conclusively shows that the Petitioner is not entitled to relief. 28 U.S.C. § 2255; Rule 8 of the Rules Governing Section 2255 Proceedings For The United States District Courts; Arredondo v. United States, 178 F.3d 778, 782 (6th Cir. 1999). No hearing is required "if the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" Id. (quoting Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995)). In addition, no hearing is required if the petitioner's allegations, accepted as true, would not entitle the petitioner to relief. Engelen, supra.

The Court has reviewed all the files, records, transcripts and correspondence filed in the proceeding underlying Petitioner's conviction, as well as the pleadings, briefs, and records filed by the parties in this case. The Court finds it unnecessary to hold an evidentiary hearing because the record conclusively establishes that Petitioner's allegations, that are not contradicted by the record, indicate that he is not entitled to relief on the issue raised.

C. Ineffective Assistance of Counsel

In order to prevail on an ineffective assistance of counsel claim, the burden is on the Petitioner to show: (1) trial counsel's performance fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for the deficiency, the outcome of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); Campbell v. United States, 364 F.3d 727, 730 (6th Cir. 2004).

The objective standard of reasonableness "is a highly deferential one and includes a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Campbell, 364 F.3d at 730 (quoting Mason v. Mitchell, 320 F.3d 604, 616-17 (6th Cir. 2003)). A reasonable probability is a probability sufficient to undermine confidence in the outcome. Strickland, 466 S.Ct. at 694; Ivory v. Jackson, 509 F.3d 284, 294 (6th Cir. 2007).

As the Supreme Court has explained, a court need not determine whether counsel's performance was deficient before examining whether prejudice resulted from the alleged deficiencies. Strickland, 466 S.Ct. at 697; Ivory, 509 F.3d at 294. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." Id.

In order to show actual prejudice in the guilty plea context, the Petitioner generally must show that "there is a reasonable probability that, but for counsel's unprofessional errors, he would not have pled guilty and would have insisted on going to trial." Hill v. Lockhart, 47 U.S. 52, 106 S.Ct. 366, 369-70, 88 L.Ed.2d 203 (1985). The Sixth Circuit has held that prejudice may also be established by showing that "there is a reasonable probability that the conditions of [the] guilty plea or [the] sentence would have been different but for his trial counsel's errors."

4

Newman v. United States, 162 F.3d 1162 (Table), 1998 WL 553048 (6th Cir. 1998). A reasonable probability is "a probability sufficient to undermine confidence in the outcome." Strickland, 104 S.Ct. at 2052.

Petitioner argues that counsel was ineffective for failing to argue at the suppression hearing that he did not violate Tennessee Code Annotated Section 55-8-142 in connection with the traffic stop at issue. Petitioner argues that counsel should have pointed out that Section 55-8-142 did not apply because the Petitioner's vehicle did not affect other traffic in the area. Section 55-8-142 provides:

> (a) No person shall turn a vehicle at an intersection unless the vehicle is in proper position upon the roadway as required in § 55-8-140, or turn a vehicle to enter a private road or driveway, or otherwise turn a vehicle from a direct course or move right or left upon a roadway, unless and until this movement can be made with reasonable safety. No person shall so turn any vehicle without giving an appropriate signal in the manner provided in §§ 55-8-143 and 55-8-144 in the event any other traffic may be affected by this movement.
>
> (b) No person shall stop or suddenly decrease the speed of a vehicle without first giving an appropriate signal in the manner provided herein to the driver of any vehicle immediately to the rear when there is opportunity to give this signal.

Petitioner also cites two state court cases to support his argument: State v. Gonzalez, 52 S.W.3d 90 (Tenn. Crim. App. 2000), which applied Tennessee Code Annotated Sections 55-8-142 and 55-8-143 to an alleged failure to give a turn signal, and State v. Feaster, 2010 WL 2852284 (Tenn. Crim. App. Jul. 21, 2010), which applied Section 55-8-143 to an alleged improper lane change on an interstate.[2]

---

[2] That section provides:

§ 55-8-143 -- Turn signals

(a) Every driver who intends to start, stop or turn, or partly turn from a direct line,

5

Petitioner also contends that counsel should have discovered that the arresting officer's statements at a state court hearing supports Petitioner's current argument.

---

shall first see that that movement can be made in safety, and whenever the operation of any other vehicle may be affected by such movement, shall give a signal required in this section, plainly visible to the driver of the other vehicle of the intention to make such movement.

(b) The signal required in this section shall be given by means of the hand and arm, or by some mechanical or electrical device approved by the department of safety, in the manner specified in this section. Whenever the signal is given by means of the hand and arm, the driver shall indicate the intention to start, stop, or turn, or partly turn, by extending the hand and arm from and beyond the left side of the vehicle, in the following manner:

(1) For left turn, or to pull to the left, the arm shall be extended in a horizontal position straight from and level with the shoulder;

(2) For right turn, or pull to the right, the arm shall be extended upward; and

(3) For slowing down or to stop, the arm shall be extended downward.

(c) These signals shall be given continuously for a distance of at least fifty feet (50') before stopping, turning, partly turning, or materially altering the course of the vehicle.

(d) Drivers having once given a hand, electrical or mechanical device signal, must continue the course thus indicated, unless they alter the original signal and take care that drivers of vehicles and pedestrians have seen and are aware of the change.

(e) Drivers receiving a signal from another driver shall keep their vehicles under complete control and shall be able to avoid an accident resulting from a misunderstanding of the signal.

(f) Drivers of vehicles, standing or stopped at the curb or edge before moving these vehicles, shall give signals of their intention to move into traffic, as provided in this section, before turning in the direction the vehicle shall proceed from the curb.

In its Response, the Government argues that Petitioner's counsel was not ineffective for failing to challenge the application of Sections 55-8-142 and 55-8-143 because the traffic stop was not based on a violation of those statutes.

The testimony adduced at the suppression hearing in the underlying criminal case indicates that Officer Shaun Hardin observed the Petitioner's vehicle make an improper left turn and a subsequent improper right turn, in violation of Tennessee Code Annotated Section 55-8-140. (Suppression Hearing Transcript, at 9-12, 22, 35, 52 (Docket No. 49 in Case No. 3:09-00119)). Specifically, Officer Hardin cited Subsection (b) of that statute, which provides:

> § 55-8-140 – Turning
>
> The driver of a vehicle intending to turn at an intersection shall do so as follows:
>
> * * *
>
> (2) Left Turns on Two-way Roadways. At any intersection where traffic is permitted to move in both directions on each roadway entering the intersection, an approach for a left turn shall be made in that portion of the right half of the roadway nearest the center line thereof and by passing to the right of the center line where it enters the intersection, and after entering the intersection the left turn shall be made so as to leave the intersection to the right of the center line of the roadway being entered. Whenever practicable, the left turn shall be made in that portion of the intersection to the left of the center of the intersection;

Officer Hardin testified that he was unable to stop the Petitioner's vehicle for the violations he observed, and conveyed his observations to Officer Julian Pirtle. (Id., at 13-14).

Officer Pirtle testified that he subsequently observed the Petitioner make an improper right turn. (Transcript, at 71-72). Officer Pirtle cited Section 55-8-140, which provides in Subsection (b): "Both the approach for a right turn and a right turn shall be made as close as practicable to the right-hand curb or edge of the roadway." Officer Pirtle initiated the traffic

7

stop, and subsequently issued the Petitioner a citation for making an improper right turn. (Id., at 60-64).

On cross examination, trial counsel asked Officer Pirtle about his prior testimony at a state court hearing in which he called the violation an "improper right turn" and not an "illegal right turn." (Id.). Officer Pirtle testified at the suppression hearing that the two terms refer to the same conduct – making a turn that is not in compliance with state law. (Id.)

The Court concludes that Petitioner has failed to demonstrate that trial counsel was ineffective for failing to make arguments regarding the applicability of Sections 55-8-142 and 55-8-143, or the cases he cites which apply those statutes. Neither the statutes nor cases cited by the Petitioner would have been relevant to the alleged improper right turn that was the subject of the Petitioner's suppression hearing because the officers testified that the Petitioner was stopped for violating a different statute. Thus, counsel was not deficient for failing to address this authority. See, e.g., Ludwig v. United States, 162 F.3d 456, 458 (6th Cir. 1998)(Counsel is not required to raise meritless arguments to avoid a charge of ineffective assistance of counsel).

In addition, the portion of Officer Pirtle's state court testimony cited by the Petitioner in his pending Motion was actually used by trial counsel during cross examination for impeachment of the officer. Thus, trial counsel was not ineffective for failing to discover and use the state court testimony.

For these reasons, Petitioner has failed to demonstrate that trial counsel's representation was deficient, and therefore, Petitioner's ineffective assistance of counsel claim is without merit and is dismissed.

## IV. Conclusion

For the reasons set forth herein, the Court concludes that Petitioner is not entitled to relief under 28 U.S.C. § 2255. Therefore, the Petitioner's Motion Under § 2255 is denied, and this action is dismissed.

Should the Petitioner give timely notice of an appeal from this Memorandum and Order, such notice shall be treated as a application for a certificate of appealability, 28 U.S.C. 2253(c), which will not issue because the Petitioner has failed to make a substantial showing of the denial of a constitutional right. Castro v. United States, 310 F.3d 900 (6th Cir. 2002).

It is so ORDERED.

*Todd Campbell*
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE