UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

CEDRIC TAYLOR )
 )
v. ) No. 3:10-0909
 ) JUDGE CAMPBELL
UNITED STATES OF AMERICA )

MEMORANDUM AND ORDER

Pending before the Court is the Petitioner's Motion For 3582 (Docket No. 39), to which the Government has filed a Response (Docket No. 42). Relying on the Supreme Court's decision in Carachuri-Rosendo v. Holder, ___ U.S. ___, 130 S. Ct. 2577, 177 L. Ed. 2d 68 (2010), Petitioner contends that he is actually innocent of his felon in possession of a firearm conviction because he did not have qualifying prior convictions.

In the underlying criminal case, the Petitioner was charged with being a convicted felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924. (Docket No. 1 in Case No. 3:09-00119). The Petitioner pled guilty to the charge without a plea agreement. (Docket Nos. 23, 24 in Case No. 3:09-00119). At the subsequent sentencing hearing, on February 5, 2010, the Court sentenced the Petitioner to 77 months of imprisonment. (Docket Nos. 45, 47, 48 in Case No. 3:09-00119). The record indicates that the Petitioner did not appeal.

The Petitioner subsequently filed the instant case seeking to vacate his conviction and sentence under 28 U.S.C. § 2255. (Docket No. 1). The Court denied the motion and dismissed the case on January 26, 2011. (Docket Nos. 17, 18). The Petitioner's appeal to the Sixth Circuit was denied on October 19, 2011, and his petition for writ of certiorari to the Supreme Court was denied on October 2, 2012. (Docket Nos. 35, 38).

Section 3582(c) provides that the Court may not modify a term of imprisonment once it has been imposed, except:

(1) in any case--

>(A) the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>
>>(i) extraordinary and compelling reasons warrant such a reduction; or
>>
>>(ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
>and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and
>
>(B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and

(2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The Petitioner has not identified the provision of Section 3582 upon which he relies in

seeking a modification of his sentence, and none of the exceptions set forth in Section 3582 applies to the circumstances presented here. Furthermore, the Petitioner has not cited any authority indicating that the Supreme Court's decision in Carachuri-Rosendo has been made retroactive to apply to cases on collateral review. See, e.g., Shaeffer v. United States, 2012 WL 1598061 (6th Cir. May 7, 2012).

For these reasons, the Petitioner's Motion For 3582 (Docket No. 39) is DENIED.

It is so ORDERED.

_Todd Campbell_
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE